RANDY MATTHEW CORDERO
HIGH DESERT STATE PRISON
P.O. BOX 3030
SUSANVILLE, CALIFORNIA, 96127
CDCR # T-37551

FILED
CLERK, U.S. DISTRICT COURT
JUN - 8 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

IN PRO SE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

RANDY M. CORDERO,
Plaintiff,

vs.

HEMET POLICE DEPARTMENT, et al.,
Defendant

Case No.: EDCV10-1935-JAK (PJW)

BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

## STATEMENT OF THE CASE

THIS IS A § 1983 ACTION FILED BY A PRISONER AT HIGH DESERT STATE PRISON, IN SUSANVILLE, CALIFORNIA, SEEKING DAMAGES, A DECLARATORY JUDGEMENT, AND INJUNCTIVE RELIEF BASED ON THE USE OF EXCESSIVE FORCE, THE DENIAL OF PROCEEDURAL DUE PROCESS, AND THE DENIAL OF MEDICAL CARE. DEFENDANTS HAVE FILED A MOTION TO DISMISS CASE IN WHOLE OR IN PART ON THE FOLLOWING GROUNDS: (1) PLAINTIFF FAILS TO STATE A CLAIM FOR A FIFTH AMENDMENT VIOLATION; (2) PLAINTIFF'S CLAIM THAT DEFENDANT VAEOSO PERPETRATED A HATE CRIME IS A CRIMINAL CHARGE, WHICH CANNOT BE PLED IN A

CIVIL ACTION ; (3) PLAINTIFF'S ALLEGATIONS REGARDING VIOLATIONS OF THE FOURTH AMENDMENT ARE TOO VAGUE TO RESPOND TO, AND PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT ; (4) PLAINTIFF FAILS TO STATE A CLAIM THAT DEFENDANT NEWMAN WAS DELIBERATELY INDIFFERENT TO HIS MEDICAL NEEDS ; AND (5) PLAINTIFF FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

## STATEMENT OF FACTS

## ARGUEMENT

### PLAINTIFF HAS STATED A CLAIM FOR A VIOLATION OF THE FIFTH AMENDMENT

DEFENDANTS ARGUE THAT PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM FOR A FIFTH AMENDMENT VIOLATION, THAT DEFENDANT VAEOSO "ATTEMPTED" TO INTERROGATE HIM, AND THAT PLAINTIFF HAS NO REMEDY UNDER SECTION 1983.

**CIVIL LIABILITY OF OFFICER**: POLICE OFFICERS ARE NOT IMMUNE FROM FEDERAL CIVIL RIGHTS LIABILITY FOR DELIBERATE INTERROGATION OUTSIDE MIRANDA. CALIFORNIA ATTORNEYS FOR CRIMINAL JUSTICE V. BUTTS (9th CIR. 1999), 195 F.3d 1039, 1049 - (OFFICERS' RELIANCE ON POLICE TRAINING PROGRAMS THAT ENCOURAGE TACTIC NOT A DEFENSE) ; COOPER V. DUPNIK - (9th CIR. 1992), 963 F.2d 1220, 1251.

# ARGUMENT

## POINT I

## PLAINTIFF'S CLAIM IS RACIAL DISCRIMINATION

THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE MOTION TO DISMISS FOR THE DEFENDANTS ON THE PLAINTIFF'S CLAIM THAT DEFENDANT VAEOSO PERPETRATED A HATE CRIME IS A CRIMINAL CHARGE, WHICH CANNOT BE PLED IN A CIVIL ACTION.

MOTION TO DISMISS IS TO BE GRANTED ONLY IF THE RECORD BEFORE THE COURT SHOWS "THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE MOVING PARTY IS ENTITLED TO A JUDGEMENT AS A MATTER OF LAW." RULE 56(c), FED.R.CIV.P. A "MATERIAL" FACT IS ONE THAT "MIGHT AFFECT THE OUTCOME OF THE SUIT UNDER THE GOVERNING LAW." ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 248 (1986).

THE ALLEGATIONS OF THE PLAINTIFF'S COMPLAINT AT 11, #23 ALLEGED THAT, "PLAINTIFF TOOK NOTE AT THIS POINT THAT DEFENDANT VAEOSO'S COMMENTS THAT PERTAINED TO MY ETHNICITY WAS RACIAL DISCRIMINATION AND A HATE CRIME..."

THE FACTUAL DISPUTE IS MATERIAL. A 42 U.S.C. § 1981, RACIAL DISCRIMINATION CLAIM, PROVIDES THAT ALL PERSONS MUST HAVE THE SAME RIGHTS "TO MAKE AND ENFORCE CONTRACTS, TO SUE, BE PARTIES, GIVE EVIDENCE, AND TO THE FULL AND EQUAL BENEFIT OF ALL LAWS AND PROCEEDINGS FOR THE SECURITY OF PERSONS AND PROPERTY AS IS ENJOYED BY WHITE CITIZENS, AND SHALL BE SUBJECT TO LIKE PUNISHMENT, PAINS, PENALTIES, TAXES, LICENSES, AND EXACTIONS OF

EVERY KIND, AND TO NO OTHER".

HOWEVER, § 1981 DOES NOT PROVIDE A DAMAGE REMEDY AGAINST PERSONS ACTING UNDER COLOR OF STATE LAW; DAMAGES MUST BE SOUGHT UNDER § 1983. JETT V. DALLAS INDEPENDENT SCHOOL DISTRICT, 491 U.S. 701, 731-33, 109 S.Ct. 2702 (1989).

THIS STATUTE, UNLIKE § 1983, CAN BE USED AGAINST CONDUCT BY PRIVATE PARTIES AND IS NOT LIMITED TO ACTION TAKEN UNDER COLOR OF STATE LAW. PATTERSON V. McLEAN CREDIT UNION, 491 U.S. 164, 177, 109 S.Ct. 2363 (1989). BUT SINCE ALMOST ALL ACTS OF POLICE OFFICERS ARE DONE UNDER COLOR OF STATE LAW, RESORT TO § 1981 IS NOT NECESSARY; ANYTHING A PRISONER CAN GET UNDER § 1981 HE/SHE CAN ALSO GET UNDER § 1983.

THE FACTS ALLEGED BY THE PLAINTIFF ARE EVIDENCE THAT DEFENDANT VAEOSO WAS ACTING "MALICIOUSLY AND SADISTICALLY TO CAUSE HARM"; THEY WOULD SUPPORT A JURY VERDICT IN THE PLAINTIFF'S FAVOR. SEE MILLER V. LEATHERS, 913 F.2d ~~54, 59~~ 1085, 1088 (4th CIR. 1990) (en banc) (RETALIATORY INTENT COULD BE INFERRED FROM OFFICER'S ACTION), cert. denied, 111 S.ct. 1018 (1991).

## ARGUMENT

## POINT 2

## THE COMPLAINT STATES A CLAIM UNDER THE FOURTH AMENDMENT

THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE

MOTION TO DISMISS FOR THE DEFENDANTS ON PLAINTIFF'S FOURTH AMENDMENT CLAIM SHOULD BE DISMISSED OR PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT.

MOTION TO DISMISS IS TO BE GRANTED ONLY IF THE RECORD BEFORE THE COURT SHOWS " THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE MOVING PARTY IS ENTITLED TO A JUDGEMENT AS A MATTER OF LAW." RULE 56 (C), FED.R.CIV.P. A "MATERIAL" FACT IS ONE THAT "MIGHT AFFECT THE OUTCOME OF THE SUIT UNDER THE GOVERNING LAW." ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 248 (1986).

THE ALLEGATIONS OF THE PLAINTIFF'S COMPLAINT AT 2 AND 3 ALLEGED THAT DEFENDANT VAEOSO VIOLATED HIS FOURTH AMENDMENT RIGHTS.

THE FACTUAL BASIS FOR THIS CLAIM IS THAT EXCESSIVE FORCE CLAIMS BY ARRESTEES ARE GOVERNED BY THE FOURTH AMENDMENT, WHICH PROHIBITS UNREASONABLE SEIZURES, AND NOT BY THE DUE PROCESS CLAUSE. AN ARREST IS A "SEIZURE" OF THE PERSON THAT MUST BE CONDUCTED IN A REASONABLE MANNOR. GRAHAM V. CONNOR, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989); UNITED STATES V. SCHATZLE, 901 F.2d 252, 254 (2d Cir. 1990). IN GRAHAM, THE SUPREME COURT OVERRULED A LARGE NUMBER OF EARLIER CASES THAT HAD APPLIED THE DUE PROCESS CLAUSE TO CLAIMS OF POLICE BRUTALITY.

UNDER THE FOURTH AMENDMENT, THE OFFICER'S STATE OF MIND IS NOT IMPORTANT, AND PLAINTIFF NEEDS NOT SHOW THAT DEFENDANT ACTED WITH

MALICIOUS INTENT. THE QUESTION IS "WHETHER THE OFFICER'S ACTIONS ARE 'OBJECTIVELY REASONABLE' IN LIGHT OF THE FACTS AND CIRCUMSTANCES CONFRONTING THEM, WITHOUT REGARD TO THEIR UNDERLYING INTENT OR MOTIVATION." GRAHAM V. CONNOR, 490 U.S. AT 397.

SOME COURTS HAVE HELD THAT THE FOURTH AMENDMENT STANDARD APPLIES UNTILL THE ARRESTEE IS BROUGHT TO COURT FOR A DETERMINATION OF PROBABLE CAUSE. FROHMADER V. WAYNE, 958 F.2d 1024, 1026-27 (10th. Cir. 1992); POWELL V. GARDNER, 891 F.2d 1039, 1044 (2d Cir. 1989) (dictum); SIMPSON V. HINES, 903 F.2d 400, 403 (5th. Cir. 1990) (POLICE LOCKUP BEATING GOVERNED BY FOURTH AMENDMENT UNDER GRAHAM); HENSON V. THEZAN, 717 F.SUPP. 1330 (N.D. ILL. 1989) (POST-ARREST ABUSE IS GOVERNED BY THE FOURTH AMENDMENT UNTILL FIRST APPEARANCE IN COURT).

APPLICATION OF THE STANDARDS.

DEFENDANT VAEOSO'S USED FORCE AGAINST THE PLAINTIFF THAT WAS NOT JUSTIFIED BY ANY LEGITIMATE LAW ENFORCEMENT NEED AND WAS COMPLETELY OUT OF PROPORTION TO THAT NEED. THE LACK OF JUSTIFICATION AND EXCESSIVENESS MADE THE FORCE OBJECTIVELY UNREASONABLE AS THE PLAINTIFF SUFFERED PHYSICAL, EMOTIONAL AND MENTAL INJURY AS A RESULT WHEN PLAINTIFF POSED NO THREAT AND SIMPLY INVOKED HIS RIGHT TO HAVE A LAWYER PRESENT DURING QUESTIONING.

A. AMOUNT OF FORCE

THERE IS NO FIXED LINE FOR HOW MUCH FORCE VIOLATES THE CONSTITUTION; IT DEPENDS ON THE CIRCUMSTANCES. WHEN [LAW

ENFORCEMENT] MALICIOUSLY AND SADISTICALLY USE FORCE TO CAUSE HARM, CONTEMPORARY STANDARDS OF DECENCY ALWAYS ARE VIOLATED." HUDSON V. MCMILLIAN, 503 U.S. __, 112 S.Ct. 995, 1000 (1992). IF THERE IS NO NEED FOR FORCE, THE CONSTITUTION MAY BE VIOLATED BY RELATIVELY SMALL AMOUNTS OF FORCE. JONES V. HUFF, 789 F.SUPP. 526, 536 (N.D.N.Y. 1992) ("UNWARRANTED AND CAVALIER" KICKS IN THE BUTTOCKS VIOLATED THE EIGHTH AMENDMENT); BEE V. DEKALB COUNTY, 679 F.SUPP. 1107, 1109, 1113 (N.D.GA. 1988) (ALLEGATION OF UNPROVOKED BLOW TO THE FACE CREATED A FACTUAL ISSUE AS TO EXCESSIVE FORCE).

## B. INJURY

NOTHING IN THE FOURTH AMENDMENT CONCEPT OF AN "UNREASONABLE" SEIZURE REQUIRES PHYSICAL INJURY; IT SIMPLY REQUIRES UNREASONABLENESS. HARPER V. HARRIS CTY., TEX., 21 F.3d 597, 600 (5th Cir. 1994); LESTER V. CITY OF CHICAGO, 830 F.2d 706, 712-13 (7th. Cir. 1987). A PLAINTIFF MAY RECOVER IF "THE FORCE USED WAS UNREASONABLE AND EXCESSIVE". FELIX V. McCARTHY, 939 F.2d 699, 702 (9th. CIR. 1991) (MINOR INJURIES ARE ACTIONABLE WHEN FORCE IS COMPLETELY UNJUSTIFIED), CERT. DENIED, 112 S.Ct. 1162 (1992); GRAY V. SPILLMAN, 925 F.2d 90, 93 (4th CIR. 1991) (EXTENT OF INJURY IS RELEVANT TO DAMAGES BUT IS NOT A PREREQUISITE TO SUIT); JOHNSON V. DOHERTY, 713 F.SUPP. 69, 71 (S.D.N.Y. 1989) (WHERE INJURY IS MINOR, COURT MUST "CONSIDER THE CONTEXT IN WHICH THE INCIDENT OCCURED").

COURTS RECOGNIZE THAT MENTAL PAIN CAN BE AS REAL AND SERIOUS AS PHYSICAL PAIN. NORTHINGTON V. JACKSON, 973 F.2d AT 1524;

PARRISH V. JOHNSON, 800 F.2d 600, 605 (6th CIR. 1986) (SIGNIFICANT MENTAL ANGUISH). INFLICTION OF INJURIES SUCH AS BRUISES AND ABRAISIONS WILL BE FOUND UNCONSTITUTIONAL IF THERE WAS NO NEED TO USE FORCE AT ALL OR IF THERE IS EVIDENCE OF MALICIOUS OR SADISTIC BEHAVIOR BY THE DEFENDANTS. MOLTON V. CITY OF CLEVELAND, 839 F.2d 240, 249-50 (6th CIR. 1988) (BRUISES, ABRASIONS AND NOSEBLEED STATED A CLAIM WHERE AN ARESTEE WAS KNOCKED DOWN AND KICKED WHILE HANDCUFFED), CERT. DENIED, 489 U.S. 1068 (1989); FRANKLIN V. AYCOCK, 795 F.2d 1253, 1256-57 (6th CIR. 1986) (DAMAGES AWARDED FOR "TRAUMA AND ABRASIONS"); HARRISON V. BYRD, 765 F.2d 501, 504 (5th. CIR. 1985) (BRUISES AND KNOTS WERE ACTIONABLE WHERE PLAINTIFF ALLEGED HE WAS REPEATEDLY STOMPED WHILE IN HANDCUFFS); SIMPSON V. SAROFF, 741 F.SUPP. 1073, 1078 (S.D.N.Y. 1990) (ALLEGATIONS OF A SWOLLEN AND BLEEDING WRISTS FROM TIGHT HANDCUFFS STATED A FOURTH AMENDMENT CLAIM); SMALLWOOD V. RENFRO, 708 F.SUPP. 182, 188 (N.D.ILL. 1989) (NO REQUIREMENT OF "SERIOUS INJURY" WHERE FORCE WAS USED GRATUITOUSLY; CHOKING THE PLAINTIFF FOR NO REASON STATED AN EIGHTH AMENDMENT CLAIM); ZUMBROEGEL V. CITY OF DEARBORN HEIGHTS, 705 F.SUPP. 358, 363 (E.D. MICH. 1989) (SLAMMING THE PLAINTIFF AGAINST A POLICE CAR, HANDCUFFING HIM TOO TIGHTLY, AND STRIKING HIM IN THE FACE AFTER HE HAD BEEN HANDCUFFED COULD VIOLATE THE CONSTITUTION); WILLIAMS V. OMODT, 640 F.SUPP. 120, 121-23 (D.MINN. 1986) (DAMAGES AWARDED FOR "BRUISES, CONTUSIONS, SWELLING, AND CONSIDERABLE PAIN" WHERE THERE WAS NO JUSTIFICATION FOR ANY FORCE).

C. JUSTIFICATION FOR USE OF FORCE

FORCE THAT IS UNNECESSARY MAY STILL BE UNCONSTITUTIONAL. UNITED STATES V. COBB, 905 F.2d 784 (4th CIR. 1990) (VERBAL PROVOCATION DOES NOT EXCUSE A PHYSICAL ASSAULT BY A LAW ENFORCEMENT OFFICER).

PHYSICAL ABUSE MAY NOT BE USED TO EXTRACT INFORMATION FROM PRISONERS. GRAY v. SPILLMAN, 925 F.2d 90, 93 (4th CIR. 1991); WARE V. REED, 709 F.2d 345, 351 (5th CIR. 1983).

DEFENDANT VAEOSO VIOLATED PLAINTIFF'S FOURTH AMENDMENT BY APPLYING UNREASONABLE, UNNECESSARY AND EXCESSIVE FORCE CAUSING SERIOUS PHYSICAL INJURY TO THE PLAINTIFF'S PHYSICAL BODY, CAUSING PSYCHOLOGICAL AND EMOTIONAL PAIN TO THE PLAINTIFF, AND CAUSED INJURY TO PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES.

THE ACTIONS OF DEFENDANT VAEOSO CAUSED THE ASSAULT IN WHICH PLAINTIFF SUFFERED INJURY WHICH REQUIRED MEDICAL ATTENTION. THE PLAINTIFF'S CRIMINAL DEFENSE LAWYER'S, PARWANA ANWAR (SBN 204849), "PITCHESS MOTION" PROVIDES MORE INFORMATION ABOUT DEFENDANTS SO AS TO MORE CLEARLY IDENTIFY THEM. (PLEASE SEE EXHIBIT "B" ATTACHED).

THE INJURIES SUSTAINED THAT WERE CAUSED BY DEFENDANT VAEOSO WERE CAPTURED BY THE SOUTHWEST DETENTION CENTER'S INTAKE BOOKING PHOTO - (PLEASE SEE EXHIBIT "C" ATTACHED) - AND RECORDED ON THE RIVERSIDE COUNTY REGIONAL MEDICAL CENTER'S HOSPITAL MEDICAL REPORT - (PLEASE SEE EXHIBIT "D" ATTACHED).

DEFENDANT VAEOSO CAUSED THE CUTS AND BLOOD ON PLAINTIFF'S OUTTER LEFT EAR LOBE, UPPER LIP JUST BELOW THE NOSE, AND ON THE RIGHT SIDE OF PLAINTIFF'S SCALP.

DEFENDANT VAEOSO ALSO CAUSED THE BRUISING ON EACH SIDE OF PLAINTIFF'S NECK FROM BEING CHOKED.

AS A RESULT FROM THE CAUSED INJURIES OF DEFENDANT VAEOSO, THE PLAINTIFF SUFFERS FROM PSYCHOLOGICAL AND EMOTIONAL PAIN AND TRAUMA DESCRIBED AS "**POST TRAUMATIC STRESS DISORDER**". -(**PLEASE SEE EXHIBIT "E" ATTACHED**). THE CDCR MEDICAL REPORTS -(**PLEASE SEE EXHIBIT "F" ATTACHED**)- SHOWS THAT PLAINTIFF IS BEING TREATED **AND HAS TO BE TREATED** FROM THE CAUSED INJURIES OF DEFENDANT VAEOSO.

## ARGUEMENT
## POINT 3
### THE COMPLAINT STATES A CLAIM UNDER THE EIGHTH AMENDMENT

THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE MOTION TO DISMISS FOR THE DEFENDANTS ON THE PLAINTIFF'S CLAIM THAT PLAINTIFF FAILS TO STATE A CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANT NEWMAN.

MOTION TO DISMISS IS TO BE GRANTED ONLY IF THE RECORD BEFORE THE COURT SHOWS "THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE MOVING PARTY IS ENTITLED TO A JUDGEMENT AS A MATTER OF LAW." **RULE 56(c)**,

FED. R. CIV. P. A "MATERIAL" FACT IS ONE THAT "MIGHT AFFECT THE OUTCOME OF THE SUIT UNDER THE GOVERNING LAW." ANDERSON V. LIBERTY LOBBY, INC., 477 U.S. 242, 248 (1986).

THE DEFENDANT'S ARGUEMENT IS SIMPLY WRONG, AND THE FACTUAL DISPUTE IS MATERIAL. DELIBERATE INDIFFERENCE CAN BE SHOWN IN VARIOUS WAYS. SOMETIMES IT IS DEMONSTRATED BY ACTS OR STATEMENTS BY POLICE PERSONNEL DIRECTLY SHOWING AN INDIFFERENT OR HOSTILE ATTITUDE TOWARD PRISONER'S/ARRESTEE'S MEDICAL NEEDS. HUGHES V. JOLIET CORRECTIONAL CENTER, 931, F.2d 425, 428 (7th CIR. 1991) (MEDICAL STAFF TOLD PRISONER WITH SPINAL INJURY HE WAS "FULL OF BULLSHIT"); SMALLWOOD V. RENFRO, 708 F. SUPP. 182, 187-88 (N.D. ILL. 1989) (DELIBERATE INDIFFERENCE CLAIM WAS SUPPORTED BY EVIDENCE THAT A LIEUTENANT OVERRULED A DECISION TO SEND THE PLAINTIFF TO A HOSPITAL AND LATER CHOKED AND HIT THE DEFENDANT). BUT MOST OFTEN, COURTS FOCUS ON FACTS THAT SHOW THAT PROFESSIONAL JUDGEMENT WAS EITHER NOT EXERCISED OR WAS NOT FOLLOWED AFTER IT WAS EXERCISED. ONE COURT HAS STATED:

> DELIBERATE INDIFFERENCE CAN BE PROVED BY SHOWING A PRISON OFFICIAL'S MENTAL STATE. BUT DELIBERATE INDIFFERENCE IS ALSO A STANDARD FOR MEASURING THE ADEQUACY OF PRISON OFFICIAL'S RESPONSES TO THE KNOWN MEDICAL NEEDS OF INMATES AND THIER SYSTEM FOR ALLOWING INMATES TO MAKE THIER NEEDS KNOWN. DEAN V. COUGHLIN, 623 F.SUPP. 392, 402 (S.D.N.Y. 1985).

THE SUPREME COURT HAS STATED THAT THE DELIBERATE INDIFFERENCE STANDARD "TO SERIOUS MEDICAL NEEDS OF PRISONERS CONSTITUTES THE 'UNNECESSARY AND WANTON INFLICTION OF PAIN'... PROSCRIBED BY THE EIGHTH AMENDMENT." ESTELLE V. GAMBLE, 429 U.S. 97, 104, 97

S.Ct. 285 (1976). MOST COURTS HAVE ALSO APPLIED THE DELIBERATE INDIFFERENCE STANDARD TO PRE-TRIAL DETAINEES UNDER THE DUE PROCESS CLAUSE. SALAZAR V. CITY OF CHICAGO, 940 F.2d 233, 237-38 (7th CIR. 1991); MARTIN V. BOARD OF COUNTY COMM'RS OF PUEBLO COUNTY, 909 F.2d 402, 406 (10th CIR. 1990).

A MORE GENERAL DEFINITION OF SERIOUS MEDICAL NEEDS REFERS TO "CONDITIONS THAT CAUSE PAIN, DISCOMFORT, OR THREAT TO GOOD HEALTH". DEAN V. COUGHLIN, 623 F.SUPP. 392, 404 (S.D.N.Y. 1985); accord, McGUCKIN V. SMITH, 974 F.2d AT 1060 ("CHRONIC AND SUBSTANTIAL PAIN" INDICATES THAT A MEDICAL NEED IS SERIOUS). THIS DEFINITION IS CONSISTENT WITH SUPREME COURT DECISIONS HOLDING THAT THE EIGHTH AMENDMENT PROHIBITS THE "UNNECESSARY AND WANTON INFLICTION OF PAIN." ESTELLE V. GAMBLE, 429 U.S. AT 104. MANY COURTS HAVE CITED PAIN IN FINDING A MEDICAL NEED SERIOUS. ELLIS V. BUTLER, 890 F.2d 1001, 1003 (SWOLLEN, PAINFUL KNEE MUST BE CONSIDERED "SERIOUS" ON A MOTION TO DISMISS); KAMINSKY V. ROSENBLUM, 737 F.SUPP. 1309, 1319 (S.D.N.Y. 1990) (UNNECESSARY PAIN AND SUFFERING), APPEAL DISMISSED, 929 F.2d 922 (2d. Cir. 1991); BOUCHARD V. MAGNUSSON, 715 F.SUPP. 1146, 1148 (D. ME. 1989) (PERSISTENT BACK PAIN IS SERIOUS).

PLAINTIFF IN THIS CASE JUST SUFFERED "EVIDENCE OF RECENT TRAUMATIC INJURY ... HAS GENERALLY BEEN SUFFICIENT TO DEMONSTRATE A SERIOUS MEDICAL NEED" WHEN HE INFORMED DEFENDANT NEWMAN OF THE CIRCUMSTANCES WHICH REQUIRED MEDICAL ATTENTION. BROWN V. HUGHES, 894 F.2d 1533, 1538 n. 4 (11th CIR. 1990), CERT. DENIED, 110 S.Ct. 2624 (1990); see SMALLWOOD V. RENFRO, 708 F.SUPP. 182, 187 (N.D. ILL. 1989) (CUT LIP MIGHT BE SERIOUS).

PLAINTIFF CONTINUED TO SUFFER FROM EXTREME PHYSICAL PAIN FROM THE CAUSE OF ACTION BY DEFENDANT VAEOSO. DEFENDANT NEWMAN

FAILED TO ACT WHEN HE WAS MADE AWARE OF THE CIRCUMSTANCES THAT CAUSED PLAINTIFF'S INJURY.

POLICE OFFICERS VIOLATE THE EIGHTH AMENDMENT WHEN THEY ACT WITH DELIBERATE INDIFFERENCE WHEN THE DEFENDANT NEWMAN HAD THE POWER TO CORRECT THE VIOLATION AND THE DUTY TO ACT, WHO KNEW AND REASONABLY SHOULD HAVE KNOWN, OF A CONSTITUTIONAL VIOLATION MAY BE HELD LIABLE IF THEY FAIL TO DO ANYTHING ABOUT IT. AL-JUNDI V. MANCUSI, 926 F.2d 235, 240 (2d Cir. 1991) (SUPERVISOR WHO EITHER KNEW OF BRUTALITY OR PURPOSLY AVOIDED FINDING OUT ABOUT IT COULD BE HELD LIABLE); WILLIAMS V. SMITH, 781 F.2d 319, 323-24 (2d CIR. 1986) (SUPERVISOR WHO LEARNS OF VIOLATION THROUGH A REPORT OR APPEAL MAY BE LIABLE).

OFFICERS OR SUPERVISORS CAN BE HELD LIABLE IF THEY ARE PRESENT BUT FAIL TO INTERVENE WHEN A PRISONER IS SUBJECTED TO BRUTALITY BY STAFF. WILLIAMS V. SMITH, 781 F.2d AT 324 (WARDEN COULD BE LIABLE IF HE ACCEPTED A POLICY OR CUSTOM OF DUE PROCESS DENIAL ... IN DICIPLINARY HEARINGS).

INDIRECT PARTICIPATION

DEFENDANT NEWMAN MAY BE HELD LIABLE "IF THE DEFENDANT SET IN MOTION A SERIES OF EVENTS" THAT HE KNEW OR REASONABLY SHOULD HAVE KNOWN WOULD CAUSE A CONSTITUTIONAL VIOLATION, EVEN IF OTHER OFFICERS ACTUALLY PERFORMED THE VIOLATION. CONNER V. REINHARD, 847, F.2d 384, 397 (7th CIR.), CERT. DENIED, 488 U.S. 856 (1988); ACCORD, GREASON V. KEMP, 891 F.2d 829, 836 (11 th CIR. 1990) ("A SUPERVISOR CAN BE HELD LIABLE UNDER SECTION 1983 WHEN A REASONABLE PERSON IN

THE SUPERVISOR'S POSITION WOULD HAVE KNOWN THAT HIS CONDUCT INFRINGED THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFF, ... AND HIS CONDUCT WAS CASUALLY RELATED TO THE CONSTITUTIONAL VIOLATION COMMITTED BY HIS SUBORDINATE.") (FOOTNOTE AND CITATIONS OMITTED).

IT IS A FACT THAT DUE TO THE CIRCUMSTANCES MENTIONED AND DESCRIBED IN THE COMPLAINT, DEFENDANT NEWMAN FAILED TO TRAIN AND SUPERVISE HIS SUBORDINATES. GOKA V. BOBBIT, 862 F.2d 646, 651-52 (7th CIR. 1988) (SUPERVISORS COULD BE HELD LIABLE FOR KNOWING FAILURE TO ENFORCE PRISON TOOL CONTROL POLICY).

THE FOREGOING PRINCIPALS APPLY BOTH TO DAMAGE CASES AND TO INJUNCTIVE CASES. MALIK V. TANNER, 697 F. SUPP. 1294, 1304 (S.D.N.Y. 1988).

DEFENDANT'S CONDUCT AMOUNTS TO DELIBERATE INDIFFERENCE. THE SUPREME COURT HAS RULED THAT "DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PRISONERS" IS CRUEL AND UNUSUAL PUNISHMENT. ESTELLE V. GAMBLE, 429 U.S. 97, 104 (1976). THE COMPLAINT ALLEGES FACTS THAT STATE A CONSTITUTIONAL CLAIM UNDER THIS STANDARD.

THE DEFENDANTS ARGUE THAT PRIOR TO PLAINTIFF'S TRANSPORT TO THE ROBERT PRESLEY DETENTION CENTER, HE INFORMED DEFENDANT NEWMAN OF THE ALLEGED MISCONDUCT, AND THAT DEFENDANT NEWMAN STATED THAT PLAINTIFF "LOOKED FINE", AND COULD SEE A NURSE ONCE AT THE JAIL, AND THAT THIS IS INSUFFICIENT TO DEMONSTRATE THE ALLEGED INJURIES AROSE TO THE LEVEL OF "SERIOUS". HOWEVER, **DEFENDANT NEWMAN IS NOT TRAINED AS A TRIAGE NURSE** AND SHOULD NEVER HAVE GIVEN HIS "**OPINION**" OR EVALUATION AS "LOOKED FINE." IN FACT, AND UN-IDENTIFIED INTAKE SERGEANT AT THE ROBERT PRESLEY

DETENTION CENTER "OBSERVED THE INJURIES ON THE PLAINTIFF'S FACIAL AREA AND HE ASKED THE PLAINTIFF WHAT HAD HAPPENED, WHY WAS THERE BLOOD ON THE PLAINTIFF'S UPPER LIP", WHICH CONTRARY TO DEFENDANT NEWMAN'S ACTIONS, THIS SHERIFF DEPUTY SARGENT THEN IMMEDIATELY INSTRUCTED BOTH DEFENDANT CABALLERO AND E. FLOREZ TO "TAKE (THE PLAINTIFF) TO A NEARBY HOSPITAL ONE MILE DOWN THE STREET TO BE CHECKED OUT, THEN RETURN (PLAINTIFF) BACK TO THE ROBERT PRESLEY DETENTION CENTER." (COMPLAINT AT 11-12). THIS DEPUTY SERGENT AT THE ROBERT PRESLEY DETENTION CENTER OBVIOUSLY OBSERVED THAT PLAINTIFF'S INJURIES WERE IN FACT "SERIOUS" TO REQUIRE MEDICAL ATTENTION AND THAT THE PLAINTIFF DID **NOT** "LOOK FINE".

MORE OVER, ONCE AT THE RIVERSIDE COUNTY REGIONAL MEDICAL CENTER, PLAINTIFF WAS EVALUATED WITH THE FOLLOWING INJURIES AS DOCUMENTED IN THE MEDICAL REPORT AS **EXHIBIT "D"**, ATTACHED. THESE INJURIES WERE ALSO CLEARLY CAPTURED BY THE SOUTHWEST DETENTION CENTER'S **INTAKE BOOKING PHOTO, MARKED AS EXHIBIT "C", ATTACHED**.

FINALLY, THE DEFENDANTS ARGUE THAT PLAINTIFF'S DELAY OF MEDICAL TREATMENT DID NOT LEAD TO FURTHER INJURY. THE DEFENDANTS' ARGUEMENTS ARE SIMPLY WRONG BECAUSE AS A RESULT OF THE DEFENDANT'S CAUSE OF ACTION CAUSING INJURIES, THE EXPERIENCE ALONE OF THE MISTREATMENT BY THE HEMET POLICE DEPARTMENT AND THIER DISREGARD TO ARESTEE'S PERSONAL SAFETY AND MEDICAL CARE CAUSED THE PLAINTIFF TO SUFFER FROM "POST TRAUMATIC STRESS DISORDER", PSYCHOLOGICAL TRAUMA AND EMOTIONAL TRAUMA, WHICH PLAINTIFF IS BEING TREATED FOR. (**PLEASE SEE EXHIBITS "E" AND "F", ATTACHED**). FOR THESE REASONS, THIS

DEFENDANT, DEFENDANT NEWMAN SHOULD **NOT** BE DISMISSED FROM THE CASE.

ARGUEMENT

POINT 4

THE PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

DEFENDANTS ARGUE THAT PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF, THAT PLAINTIFF HAS NOT HAD ANY CONTACT WHATSOEVER WITH DEFENDANTS SINCE HIS OCTOBER 19, 2008 ARREST, AND THAT HE NO LONGER LIVES ANYWHERE NEAR THE DEFENDANTS.

PLAINTIFF "**AGREES**" HE LACKS STANDING TO SEEK INJUNCTIVE RELIEF AGAINST THESE DEFENDANTS.

CONCLUSION

FOR THE FOREGOING REASONS, THE DEFENDANT'S MOTION TO DISMISS CASE **SHOULD BE DENIED**.

DATED: JUNE 5th, 2011 - (SUNDAY)

x Randy M. Cordero
PLAINTIFF IN PRO SE

RANDY M. CORDERO #T-37551
HIGH DESERT STATE PRISON · B2 # 106
P.O. BOX 3030
SUSANVILLE, CALIFORNIA, 96127.