Ronald F. Frank, (SBN 109076)
E-mail: rfrank@bwslaw.com
Mitchell A. Wrosch, (SBN 262230)
E-mail: mwrosch@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
OFFICER S. VAEOSO, OFFICER CABALLERO,
OFFICER E. FLOREZ, AND SGT. NEWMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RANDY M. CORDERO,

Plaintiff,

v.

HEMET POLICE DEPARTMENT; OFFICER SILIFAGO VAEOSO, OFFICER CABALLERO, OFFICER E. FLOREZ, SARGENT NEWMAN,

Defendant.

Case No. EDCV10-01935-JAK -PJW

**DEFENDANTS' VAEOSO, CABALLERO, FLOREZ, AND NEWMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[F.R.C.P. 12(b)(6)]**

(Memorandum of Points and Authorities and Proposed Order filed concurrently herewith)

Date: August 22, 2011
Time: 12:15 p.m.
Ctrm.: 23
Judge: Hon. Patrick J. Walsh

**NO ORAL ARGUMENT REQUIRED**

TO PLAINTIFF RANDY CORDERO, IN PRO PER:

NOTICE IS HEREBY GIVEN that on August 22, 2011 at 12:15 p.m., or as soon thereafter as the matter may be heard, in of the above-entitled court located at 312 N. Spring Street, Los Angeles, California 90012, defendants VAEOSO, CABALLERO, FLOREZ, and NEWMAN ("defendants"), will bring a motion to

dismiss the above-entitled action in whole or in part pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is presented on the following grounds: (1) plaintiff fails to state a claim for a Fifth Amendment violation; (2) plaintiff fails to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) plaintiff fails to state a claim for deliberate indifference to medical needs under the Eighth Amendment.

The Motion to Dismiss is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the papers, records and documents on file herein, as well as such evidence and arguments as may be presented at the time of hearing on this matter, should the Court determine that oral argument is warranted.

Dated: July 22, 2011

Burke, Williams & Sorensen, LLP

By: /s/ Mitchell A. Wrosch
Ronald F. Frank
Mitchell A. Wrosch

Attorneys for Defendants
OFFICER S. VAEOSO, OFFICER CABALLERO, OFFICER E. FLOREZ, AND SGT. NEWMAN

# TABLE OF CONTENTS


Page

I. INTRODUCTION ....................1

II. STATEMENT OF FACTS ....................1

III. STANDARD ON MOTION TO DISMISS ....................3

IV. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE FIFTH AMENDMENT ....................3

V. PLAINTIFF FAILS TO STATE A CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANT NEWMAN ....................6

- A. Plaintiff Fails To Allege A Serious Medical Need ....................7
- B. A Temporary Delay In Treatment Does Not Amount To Deliberate Indifference To Medical Needs ....................7

VI. THERE ARE NO VIABLE CONSTITUTIONAL CLAIMS BASED ON VICARIOUS LIABILITY OR RESPONDEAT SUPERIOR ....................9

VII. PLAINTIFF FAILS TO STATE A CLAIM FOR RACIAL DISCRIMINATION UNDER U.S.C. § 1983 ....................11

- A. THERE ARE NO CONSTITUTIONAL CLAIMS FOR VERBAL HARASSMENT ....................11
- B. PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF 42 U.S.C. § 1981 ....................13

VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR AN EQUAL PROTECTION VIOLATION ....................14

IX. CONCLUSION ....................16




BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES


*Ashcroft v. Iqbal*,
__U.S.__,129 S. Ct. 1937 (2009) ............................................................. 3, 10

*Austin v. Cal A. Terhune*,
367 F.3d 1167 (9th Cir. 2004) ............................................................. 11, 12

*Beyerbach v. Sears*,
49 F.3d 1324 (8th Cir. 1995) ............................................................. 8

*Blueford v. Prunty*,
108 F.3d 251 (9th Cir. 1997) ............................................................. 12

*Brown v. Commissioner of Cecil County Jail*,
501 F. Supp. 1124 (D.Md. 1980), *aff'd* 204 Fed. Appx. 979 (2D. Cir. 2006) ............................................................. 8

*Buckey v. County of Los Angeles*,
968 F.2d 791 (9th Cir. 1992) ............................................................. 3

*California Attorneys for Criminal Justice v. Butts*,
195 F.3d 1039 (9th Cir. 1999) ............................................................. 3, 4, 5

*CBOCS West, Inc., v. Humphries*,
553 U.S. 442, 128 S. Ct. 1951 (2008) ............................................................. 13

*Chavez v. Martinez*,
538 U.S. 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003) ............................................................. 5

*City of Cleburne v. Cleburne Living Center, Inc.*,
473 U.S. 432 (1985) ............................................................. 14

*Collins v. Cundy*,
603 F.2d 825 (10th Cir. 1979) ............................................................. 13

*Conley v. Gibson*,
355 U.S. 41, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957) ............................................................. 3

*Cunningham v. Gates*,
229 F.3d 1271 (9th Cir. 2000) ............................................................. 9




BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Ellingburg v. Lucas*,
518 F.2d 1196 (8th Cir. 1975).....13

*Estelle v. Gamble*,
429 U.S. 97 (1976).....6

*FDIC v. Henderson*,
940 F. 2d 465 (9th Cir. 1991).....14, 15

*Furumoto v. Lyman*,
362 F. Supp. 1267 (N.D. Cal. 1973).....9

*Gaut v. Franklin Sunn*,
810 F.2d 923 (9th Cir. 1987).....12

*Hallett v. Morgan*,
296 F.3d 732 (9th Cir. 2002).....8

*Hill v. DeKalb Regional Youth Detention Center*,
40 F.3d 1176 (11th Cir. 1994).....8

*Hollis v. Director of Corrections*,
560 F. Supp.2d 920 (C.D. Cal. 2008).....7

*Hunt v. Dental Dep't*,
865 F.2d 198 (9th Cir. 1989).....6

*Hutchinson v. United States*,
838 F.2d 390 (9th Cir. 1987).....6, 7

*Hutchison v. Grant*,
796 F. 2d 288 (9th Cir. 1986).....10

*Hydrick v. Hunter*,
500 F.3d 078 (9th Cir. 2006).....9

*Ivey v. Bd. of Regents of Univ. of Alaska*,
673 F.2d 266 (9th Cir. 1982).....3

*Jenkins v. County of Hennepin Minn.*,
557 F.3d 628 (8th Cir. 1999).....8

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir. 1984) .......... 9, 10

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc) .......... 8

*Love v. United States*, 915 F.2d 1242 (9th Cir. 1989) .......... 3

*MacKinney v. Nielsen*, 69 F.3d 1002 (9th Cir. 1995) .......... 11

*Martinez v. Zadroga*, 213 Fed. Appx. 729 (10th Cir. Colo. 2007) .......... 12

*McBride v. Deer*, 240 F.3d 1287 (10th Cir. 2001) .......... 13

*McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992) .......... 6, 8

*Mills v. Smith*, 656 F.2d 337 (8th Cir. 1981) .......... 8

*North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983) .......... 3

*Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987.) .......... 11, 12

*Palmer v. Sanderson*, 9 F.3d 1433 (9th Cir. 1993) .......... 9

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir.) (en banc), cert. denied, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1991) .......... 6

*Shapely v. Nevada Bd. of State Comm'rs*, 766 F.2d 404 (9th Cir. 1985) .......... 8

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Shaw v. Reno*,
509 U.S. 630 (1993) .......... 14

*Sioux City Bridge Co. v. Dakota County*,
260 U.S. 441 (1923) .......... 14

*Skinner v. Cunningham*,
430 F.3d 483 (1st Cir. 2005) .......... 13

*WMX Technologies, Inc. v. Miller*,
104 F.3d 1133 (9th Cir. 1997) (en banc) .......... 6

*Wood v. Housewright*,
900 F.2d 1332 (9th Cir. 1990) .......... 8

## FEDERAL STATUTES

**42 U.S.C.**
§ 1981 .......... 13, 14
§ 1981(a), (b) .......... 13
§ 1983 .......... passim

## RULES

Federal Rule of Civil Procedure 12(b)(6) .......... 3, 16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, a California prisoner, filed a civil rights complaint against officers of the Hemet Police Department arising out of his domestic violence arrest on October 19, 2008. Plaintiff alleges defendants Vaeoso and Caballero used excessive force against him, that defendant Newman was deliberately indifferent to his medical needs, that defendant Florez was deliberately indifferent to his safety, and that defendant Vaeoso violated his Equal Protection and Fifth Amendment rights.[1]

However, plaintiff fails to demonstrate defendant Vaeoso violated his Fifth Amendment rights predicated on an alleged violation of *Miranda*. Additionally, plaintiff fails to state a claim that defendant Newman was deliberately indifferent to his medical needs, in violation of the Eighth Amendment. Finally, plaintiff fails to state a claim for a violation of the Equal Protection Clause.

## II. STATEMENT OF FACTS[2]

Plaintiff alleges he was arrested at his home on October 19, 2008. (First Amended Complaint ("FAC") at 5.) Plaintiff states defendant Vaeoso placed him in handcuffs and escorted him from his home to a patrol car parked outside. (*Id.*) Plaintiff asserts that defendant Vaeoso attempted to interrogate him multiple times, despite plaintiff allegedly invoking his Fifth Amendment rights. (*Id.*)

Plaintiff contends defendant Vaeoso kneed him on the leg, punched him in his kidneys, pushed him onto the patrol car, and slammed his head against the rear window of the vehicle, which caused injuries to his head, neck, back, ear, and lip. (*Id.* at 6.) Plaintiff alleges defendant Vaeoso then choked him with both hands for approximately twenty seconds. (*Id.* at 7.)

---

[1] Defendants do not address plaintiff's claims of excessive force as to defendants Vaeoso and Caballero, or deliberate indifference as to defendant Florez, though they do not concede that there is any merit to these claims.

[2] Defendants do not concede that any of plaintiff's factual allegations are true, except *arguendo* for purposes of this motion.

Plaintiff states he was taken to the Hemet Police Department, where an unidentified officer threatened to shoot plaintiff with a tazer. (*Id.* at 8.) Plaintiff alleges that prior to being transferred to the Robert Presley Detention Center ("Presley"), he reported the alleged misconduct to defendant Newman, who responded that plaintiff looked fine, and could see a nurse upon arrival to the county jail. (*Id.* at 8-9.)

Plaintiff then alleges defendants Caballero and Florez put him in handcuffs, which he claims were excessively tight, and placed him in a patrol car to transfer him to Presley. (*Id.* at 9.) Plaintiff asserts that he requested the handcuffs be loosened, but his requests were ignored. (*Id.*) Then, after approximately fifteen minutes, plaintiff alleges defendant Caballero "dragged" him from the patrol vehicle, threw him to the ground, and placed him in leg restraints. (*Id.*) Plaintiff alleges defendant Vaeoso appeared at the window of the patrol car and screamed racial epithets at plaintiff because of his half-Filipino ethnicity. (*Id.* at 10.)

Next, plaintiff alleges defendant Caballero placed a black bag over plaintiff's head, and transferred him to Presley, where an unidentified officer ordered the defendants to take plaintiff to the hospital for a medical examination. (*Id.*) At the hospital, plaintiff alleges the nurse who examined him entered into the grandiose conspiracy to violate his rights, and did not document any of his injuries. (*Id.* at 11.) Plaintiff alleges that following the medical examination, he was taken to an undisclosed location, where defendant Caballero stated that he was going to shoot plaintiff, to which plaintiff responded "go ahead, do me a fuckin [sic] favor and put me out of my misery." (*Id.*)

Plaintiff asserts he has suffered emotional, physical, and psychological damages because of defendants' wrongdoing, and is seeking compensatory and punitive damages, as well as declaratory relief. (*Id.* at 13, 29.)

///

///

## III. <u>STANDARD ON MOTION TO DISMISS</u>

Federal Rule of Civil Procedure 12(b)(6) provides a defendant may seek to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper where "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In making such a determination, this Court must accept the allegations of the Complaint as true and construe the facts pled in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 1949-50 (2009). This Court may not "supply essential elements" of Plaintiff's claim. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Dismissal is proper if a complaint is vague, conclusory, and does not set forth any material facts in support of the allegation. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

## IV. <u>PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A VIOLATION OF THE FIFTH AMENDMENT</u>

In his First Amended Complaint, plaintiff alleges defendant Vaeoso attempted to interrogate him on two occasions, despite plaintiff's refusal to speak without an attorney present. (FAC at 17.) Plaintiff alleges defendant Vaeoso assaulted him in retaliation for plaintiff invoking his Fifth Amendment rights. (*Id.*)

In support of his position, plaintiff cites *California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039 (9th Cir. 1999), for the proposition that police officers are not immune to civil rights liability for deliberate interrogation outside the confines of *Miranda*. However, *California Attorneys for Criminal Justice* is materially distinguishable from the instant case.

In *California Attorneys for Criminal Justice*, 195 F.3d at 1041, two individuals alleged that they were victims of a policy to defy the requirements of *Miranda*. *Id.* The policy at issue there pertained to various training programs and materials provided to police officers which encouraged them to continue interrogating suspects "outside *Miranda*." *Id.* During the interrogation of one of the plaintiffs in *California Attorneys for Criminal Justice*, a defendant police officer attempted to discourage the plaintiff from seeking counsel, implied that his situation would become much worse if he spoke with an attorney, and assured the plaintiff that whatever he said could not be used against him in any way. *Id.* at 1047. Moreover, after telling one of the plaintiffs several times that anything he said thereafter could not be used against him, the officer inserted "in the case in chief," with no explanation of what that term meant.[3] *Id.* However, at their criminal trials, the prosecutor used the coerced statement of one plaintiff against him at sentencing and as to the other plaintiff his coerced statements were used after the prosecution case in chief when the plaintiff testified and his statements were used to impeach him. *Id.* at 1045.

Plaintiff's First Amended Complaint here is wholly dissimilar to the allegations in *California Attorneys for Criminal Justice*, as he does not allege any coerced statement, i.e., that he provided self-incriminating statements that were subsequently used against him in a criminal trial. There are no allegations here that plaintiff succumbed to the purported interrogation. There are no allegations here that plaintiff spoke at all to defendant Vaeoso. There are no allegations here that any statement plaintiff made to the officers was used against him in his trial or sentencing. In sum, plaintiff's factual allegations do not meet the high bar set for

---

[3] The sole issue before the court in *California Attorneys for Criminal Justice* was whether the individual officers were entitled to qualified immunity as a matter of law. 195 F.3d at 1050. The court concluded that a reasonable police officer should have known that the above mentioned conduct was improper and violated the plaintiffs' rights, whether or not the conduct was endorsed by training materials; thus, the officers were denied qualified immunity. *Id.*

objectively improper police officer conduct raised in *California Attorneys for Criminal Justice*, but they are consistent with those presented to the United States Supreme Court in *Chavez v. Martinez*, 538 U.S. 760, 769, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003).

In *Chavez*, the plaintiff made incriminating statements to a police officer while in custody, without first receiving *Miranda* warnings. *Id*. at 764. However, the plaintiff in *Chavez* was never charged with a criminal offense; nonetheless, he filed a §1983 claim against the police officer who had questioned him, alleging, like plaintiff in the instant matter, that the officer had violated his Fifth Amendment right to be free from self-incrimination. *Id*. at 764-765. The Supreme Court in *Chavez* concluded that an officer could not be subjected to civil liability for an alleged violation of the privilege against compelled self-incrimination where the coerced statement is not thereafter used against the person who gave the statement. *Id.* at 769. In a plurality opinion, the Court explained that "mere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness." *Id.* at 769. Moreover, in a concurring opinion, Justices Souter and Breyer concluded that it was not necessary to expand the privilege against self-incrimination to include a claim for civil liability against an officer who took a coerced statement when that statement was not used against the person claiming the privilege. *Id.* at 779.

Here, plaintiff at most has alleged that defendant Vaeoso *attempted* to interrogate him. (FAC at 17.) However, plaintiff does not allege that he succumbed to the attempted interrogation, that a self-incriminating statement was procured, or that the incriminating statement was used to convict him of a crime or was otherwise used against him. Plaintiff's allegations are similar to those discussed in *Chavez*. The mere act of *attempting* to interrogate a suspect is not a Fifth Amendment violation upon which a §1983 claim may be brought.

Accordingly, plaintiff fails to state a claim for a Fifth Amendment violation.

## V. PLAINTIFF FAILS TO STATE A CLAIM OF DELIBERATE INDIFFERENCE AGAINST DEFENDANT NEWMAN

Plaintiff alleges defendant Newman was deliberately indifferent to his medical needs, in violation of the Eighth Amendment. (FAC at 24.) Plaintiff contends that he had just suffered a traumatic injury when he approached defendant Newman and informed him of the alleged misconduct of defendant Vaeoso. (*Id.* at 25.) Plaintiff alleges defendant Newman "failed to act when he was made aware of the circumstances that caused plaintiff's injury." (*Id.*) Plaintiff's allegations are insufficient to state a claim against defendant Newman for deliberate indifference to medical needs.

The constitutional protection against deliberate indifference to a prisoner's medical needs, as announced in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), applies to pretrial detainees through the Due Process clause of the Fourteenth Amendment. *Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir.) (en banc), cert. denied, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1991). To sustain a violation of the Eighth Amendment for inadequate medical care, an inmate must show that a defendant was deliberately indifferent to his serious medical needs. *Estelle*, 429 U.S. at 106; *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). "This conclusion does not mean... that every claim by a prisoner [or pretrial detainee] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1987).

### A. Plaintiff Fails To Allege A Serious Medical Need

Plaintiff alleges that prior to his transport to Presley, he informed defendant Newman of the alleged misconduct of defendant Vaeoso, and that defendant Newman stated that plaintiff "looked fine," and could see a nurse once he arrived at the jail. (FAC at 8-9.) Plaintiff has not alleged in his First Amended Complaint that he had any visible injuries at the time of the purported encounter with defendant Newman. Plaintiff alleges that upon his arrival at Presley, an unidentified officer asked him about his alleged injuries, but plaintiff also alleges that he was assaulted after his encounter with defendant Newman, during the transfer to Presley. (*Id.* at 9-10.)

Consequently, plaintiff cannot demonstrate his alleged injuries arose to the level of "serious" for purposes of satisfying the first element of the standard for deliberate indifference, as plaintiff has not even alleged he that he had visible injuries at the time of the purported encounter with defendant Newman.

### B. A Temporary Delay In Treatment Does Not Amount To Deliberate Indifference To Medical Needs

Plaintiff does not allege in his First Amended Complaint that he requested defendant Newman provide him with medical care, or that Newman could do so. Plaintiff only states that defendant Newman informed him that plaintiff could see a nurse upon arrival at the jail. (FAC at 8.) In fact, plaintiff alleges that when this purported encounter with Newman occurred, his transfer to Presley was imminent: "before the plaintiff was about to be transferred to the [Presley], plaintiff observed Sergeant Newman...and plaintiff did initiate conversation." (*Id.*) Particulars of the purported conversation have not been alleged.

Nonetheless, to the extent that plaintiff is alleging that defendant Newman delayed his medical care, the allegations are insufficient to state a claim for deliberate indifference to medical needs. *Hollis v. Director of Corrections*, 560 F. Supp.2d 920, 925 (C.D. Cal. 2008) (mere delay in providing an inmate with

medical treatment, without more, does not amount to a constitutional violation); *Wood v. Housewright*, 900 F.2d 1332, 1134 (9th Cir. 1990) (delay of treatment of over one month was not actionable because no substantial harm resulted); *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (holding blood in prisoner's underwear was not a serious medical need inconsistent with four-hour delay in getting him to the hospital); *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (broken hand can be serious, but delay of two or three hours in treating it was not); *Shapely v. Nevada Bd. of State Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *see Jenkins v. County of Hennepin Minn.*, 557 F.3d 628, 632 (8th Cir. 1999) (day's delay in treating broken jaw was not deliberate indifference); *Mills v. Smith*, 656 F.2d 337, 340 (8th Cir. 1981) (one and a half hour delay in hospitalizing a prisoner with a gunshot wound did not constitute deliberate indifference); *Brown v. Commissioner of Cecil County Jail*, 501 F. Supp. 1124, 1126-27 (D.Md. 1980) (delay of less than a week in treating gonorrhea was not deliberate indifference), *aff'd* 204 Fed. Appx. 979 (2D. Cir. 2006) (unpublished).

Moreover, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. Though plaintiff alleges he has suffered lingering emotional, psychological, and physical injuries as a result of this incident (FAC at 26), he has not attributed them to defendant Newman, nor could he, as the allegations of physical and verbal abuse are not attributed to this defendant. *Hallett v. Morgan*, 296 F.3d 732, 744-746 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) ("Plaintiffs could not prove an Eighth Amendment violation because they have not demonstrated that delays . . . would cause significant harm and that Defendants should have known this to be the case."); *McGuckin* 974 F.2d at 1060.

Accordingly, plaintiff fails to state a claim for deliberate indifference to medical needs, and this claim should be dismissed. Moreover, as this is the only claim against defendant Newman, this defendant should be dismissed from the case.

## VI. THERE ARE NO VIABLE CONSTITUTIONAL CLAIMS BASED ON VICARIOUS LIABILITY OR RESPONDEAT SUPERIOR

In the First Amended Complaint, plaintiff argues that defendant Newman can be held liable under theories of "indirect participation." (FAC at 26.) Plaintiff appears to have added defendant Newman to this suit because of his job title as Sergeant; however, this type of *respondeat superior* liability is impermissible, and cannot be the basis for a lawsuit under Section 1983.

Section 1983 does not establish a basis for liability, direct or vicarious, against persons who do not participate in a civil rights violation. *Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993); *Furumoto v. Lyman*, 362 F. Supp. 1267, 1275 n.8 (N.D. Cal. 1973). "A supervisor is liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Hydrick v. Hunter*, 500 F.3d 078 (9th Cir. 2006). "Supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000) (involving police supervisors and commissioners).

However, asserting a claim of supervisory liability does not relieve plaintiff of his obligation to come forward with reasonably informative factual allegations to support a finding of intentional wrongdoing. He must "allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal citations and punctuation omitted)."

In his First Amended Complaint, plaintiff appears to be alleging two separate claims against defendant Newman: (1) that defendant Newman failed to address plaintiff's allegations pertaining to defendant Vaeoso; and (2) defendant Newman is

responsible for the purported actions of defendants Caballero and Florez, that occurred subsequent to plaintiff encountering defendant Newman. (FAC at 26-28.)

Regarding plaintiff's first claim, plaintiff is improperly attempting to impose liability on defendant Newman for acts which occurred prior to plaintiff's encounter with him. (*Id.*) Plaintiff alleges he spoke to defendant Newman at the Hemet Police Department, subsequent to the alleged assault by defendant Vaeoso. (*Id.* at 8.) However, defendant Newman cannot be held liable for events that occurred without his knowledge or participation, and plaintiff has not pled any facts to suggest that defendant Newman could have prevented the alleged wrongdoing of defendant Vaeoso. Any actions taken by a defendant after an alleged constitutional violation has already occurred cannot affect his or her liability for the incident. *Hutchison v. Grant*, 796 F. 2d 288, 291 (9th Cir. 1986);"Absent vicarious liability, each government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Aschroft, supra,* 129 S. Ct. at 1949 (emphasis added).

Next, plaintiff alleges defendant Newman is responsible for wrongdoing that occurred subsequent to their purported encounter. (FAC at 27.) Plaintiff alleges that after he spoke with defendant Newman, he was transferred from the Hemet Police Department to Presley by defendants Caballero and Florez, who he claims assaulted him. (*Id.* at 9.) However, it is uncertain as to why plaintiff believes defendant Newman is responsible for any subsequent injuries inflicted by these defendants. Prior to plaintiff's encounter with defendant Newman, plaintiff alleges he was assaulted by defendant Vaeoso, and he makes no allegations pertaining to defendants Caballero and Florez. Thus, plaintiff's argument is illogical, as plaintiff has not identified any basis for defendant Newman to be on notice of any potential future danger posed by defendants Caballero or Florez, as plaintiff does not offer allegations pertaining to those defendants until after his alleged encounter with defendant Newman. (*See generally* FAC.)

///

Moreover, plaintiff alleges that defendant Newman failed to properly train and supervise his employees. (FAC at 27.) Although liability for policies and practices exists if "supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995), plaintiff does not point to any allegedly deficient policy, and instead provides a rambling narrative regarding one alleged incident. (*See generally* FAC.)

Accordingly, plaintiff has failed to show any personal involvement by defendant Newman, and his allegations pertaining to this defendant appear to be based entirely on his position in the chain of command.

Consequently, defendant Newman should be dismissed from this action.

## VII. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR RACIAL DISCRIMINATION UNDER U.S.C. § 1983</u>

### A. THERE ARE NO CONSTITUTIONAL CLAIMS FOR VERBAL HARASSMENT

Plaintiff alleges that while he was in a patrol car waiting to be transferred from the Hemet Police Department to Presley, defendant Vaeoso approached the vehicle and yelled "I'm fuckin [sic] Samoan! You're not an islander, you're a disgrace! Your kind of people make my kind of people look bad." (FAC at 18.) Plaintiff alleges he was the victim of defendant Vaeoso's prejudice, and that defendant Vaeoso's actions were unconstitutional. (*Id.* at 19.) Plaintiff is mistaken.

Assuming *arguendo* plaintiff's allegations regarding defendant Vaeosos's harassment are true, he fails to state a claim for relief, as mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under Section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987.) In *Austin v. Cal A. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004), a California State prisoner alleged his Eighth

Amendment rights were violated by a correctional officer who verbally harassed him. *Id.* at 1169. Specifically, the inmate alleged that the Correctional Officer called him a:

> punk bitch and a mother fucker and [told plaintiff] that he was going to come down out of his control booth and kick [plaintiff's] ass. While still in the control booth, which had a large glass window, the [correctional officer] allegedly unzipped his pants, exposed his penis to [plaintiff], who is black, and said 'come suck this white dick, boy' while shaking his exposed penis…

*Id.* In determining that the correctional officer was entitled to summary judgment on an Eighth Amendment claim, the Court noted the brevity of the alleged incident, absence of physical contact between the correctional officer and the plaintiff, and lack of seriousness of the claimed misconduct. *Id.* at 1172.

Here, Plaintiff's allegations against defendant Vaeoso are markedly less severe from those alleged by the plaintiff in *Austin*. Plaintiff alleges defendant Vaeoso yelled profanities at him based on his ethnicity, but did not accompany the profanities with any physical assault. (FAC at 18.) Here as in *Austin,* the alleged incident was brief, did not involve any physical contact, and was not sever or particularly serious. While Plaintiff alleges he has suffered lingering emotional injuries because of defendant Vaeoso's words, abusive language is not actionable under section 1983. *Martinez v. Zadroga*, 213 Fed. Appx. 729, 731 (10th Cir. Colo. 2007) ("... despite the age-old saying, words may be hurtful; nevertheless, something more akin to sticks and stones is required to state an Eighth Amendment cause of action")

*Austin* is the rule, not the exception, as to the Eighth Amendment analysis for verbal harassment. See *Gaut v. Franklin Sunn,* 810 F.2d 923, 925 (9th Cir. 1987) ("it trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong"); *Blueford v. Prunty,* 108 F.3d 251, 254-55 (9th Cir. 1997) (holding that correctional officer who engaged in "same-sex trash talk" was entitled to qualified immunity); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("the alleged vulgarity does not establish a genuine issue as to any material fact");

*Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) ("verbal harassment or abuse…is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983"); *Skinner v. Cunningham*, 430 F.3d 483, 489 (1st Cir. 2005) (allegations including threats and false charges did not violate the Eighth Amendment); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (damages for defamation, allegedly incurred when defendant called plaintiff by an obscene name, are not recoverable under Section 1983.)

In sum, plaintiff has alleged defendant Vaeoso verbally harassed him, but allegations of verbal harassment do not state a claim for an constitutional violation.

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF 42 U.S.C. § 1981

Plaintiff alleges defendant Vaeoso violated his rights when he allegedly yelled racial epithets at plaintiff regarding plaintiff's half-Filipino ancestry.[4] (FAC at 19.) Plaintiff alleges that the racial allegations are actionable under 42 U.S.C. § 1981. (*Id.* at 18.) Again, plaintiff is mistaken.

Section 1981 provides that all persons must have the same rights:

> to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. It adds that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(a), (b). This statute applies only to claims involving racial discrimination in the formulation and enforcement of contracts. *See generally CBOCS West, Inc., v. Humphries*, 553 U.S. 442, 128 S. Ct. 1951,

[4] Plaintiff does not enlighten the Court as to how defendant Vaeoso learned that plaintiff had a Filipino parent.

1958 (2008) (holding that section 1981 covers claims of retaliation for complaining about racial discrimination with respect to contracts.)

Plaintiff has not alleged that defendant Vaeoso discriminated against him in the formation or performance of a contract. Consequently, plaintiff fails to state a claim for a violation of 42 U.S.C. § 1981. Thus, this Court should dismiss plaintiff's allegations pertaining to racial discrimination.

## VIII. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR AN EQUAL PROTECTION VIOLATION</u>

Plaintiff also alleges that defendant Vaeoso violated plaintiff's Equal Protection rights when he made the above referenced derogatory comments. (FAC at 18.) Plaintiff fails to state a claim for an equal protection violation.

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). "'The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923) [quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)]. Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F. 2d 465, 471 (9th Cir. 1991).

Plaintiff alleges that defendant Vaeoso assaulted him incident to his arrest on October 19, 2008. (*See generally* FAC.) Subsequent to the arrest, plaintiff was

taken to the Hemet Police Department, where defendants Caballero and Florez took custody of plaintiff in order to transfer him to Presley. (*Id.*) Plaintiff alleges that while he was waiting in the patrol car for defendants Caballero and Florez, defendant Vaeoso approached the vehicle and yelled "I'm fuckin [sic] Samoan! You're not an islander, you're a disgrace! Your kind of people make my kind of people look bad!" (*Id.* at 10.)

If plaintiff is attempting to connect defendant Vaeoso's purported comments to the earlier alleged assault, he fails to do so. Plaintiff alleges defendant Vaeoso yelled the racial profanities at him well after defendant Vaeoso allegedly assaulted him, and plaintiff has not alleged that defendant Vaeoso used racial epithets during the assault, or that the assault was otherwise racially motivated. Moreover, in support of his claim for a Fifth Amendment violation, plaintiff alleged that defendant Vaeoso assaulted him in retaliation for plaintiff invoking his Fifth Amendment rights, not because of plaintiff's half-Filipino ancestry. (FAC at 6.)

Therefore, this Court should dismiss plaintiff's claim for an Equal Protection violation, as plaintiff fails to demonstrate that the alleged assault was motivated by discriminatory animus.

///
///
///
///
///
///
///
///
///
///
///

## IX. CONCLUSION

For the foregoing reasons, this Court should grant defendants' motion to dismiss. Even after being provided an opportunity to amend his pleading in response to a prior Rule 12(b)(6) motion, Plaintiff fails to state a claim for a Fifth Amendment violation as to defendant Vaeoso. Moreover, plaintiff fails to state a claim for deliberate indifference to medical needs as to defendant Newman. Further, plaintiff's claims against defendant Newman are improperly based on theories of respondeat superior and vicarious liability, which are not actionable under section 1983. Finally, plaintiff's allegations pertaining to defendant Vaeoso's verbal discrimination do not rise to the level of a constitutional violation.

Dated: July 22, 2011

Burke, Williams & Sorensen, LLP

By: /s/ Mitchell A. Wrosch
Ronald F. Frank
Mitchell A. Wrosch

Attorneys for Defendants
OFFICER S. VAEOSO, OFFICER CABALLERO, OFFICER E. FLOREZ, AND SGT. NEWMAN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

(*Randy M. Cordero v. Hemet Police Department, et al., Case No. 5:10-cv-01935-JAK -PJW*)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071.

On July 22, 2011, I served the document described as

**1. DEFENDANTS' VAEOSO, CABALLERO, FLOREZ, AND NEWMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; and**

**2. [PROPOSED] ORDER GRANTING DEFNDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Randy Matthew Cordero, T-37551
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

*PLAINTIFF IN PRO SE*

☒ (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on July 22, 2011 at Los Angeles, California.

Terri Mehra