**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY MATTHEW CORDERO, | No. 16-55112 |
| Plaintiff-Appellant, | D.C. No. 5:10-cv-01935-PJW |
| v. | |
| HEMET POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| SILIFAGA VAEOSO, Officer, Hemet Police Department; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and HARPOOL,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Plaintiff Randy Cordero appeals the district court's judgment in favor of Defendants. Cordero alleges that the district court erred in formulating and submitting the jury instruction and special verdict form on Cordero's Fourteenth Amendment claim. We affirm.

We review de novo whether the district court's submission of jury instructions adequately presented the theory of the case. *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000). "If the district court's instructions fairly and adequately covered the elements of the offense, however, we review the instruction's 'precise formulation' for an abuse of discretion." *Id.* (citation omitted). "A special verdict form is reviewed for an abuse of discretion. We must determine whether the questions in the form were adequate to obtain a jury determination of the factual issues essential to judgment." *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) (internal citation omitted).

During trial, the jury was presented with Cordero's version of his arrest and subsequent transport to jail, and the officers' version of the events. After hearing four days of evidence, the jury accepted the officers' version of the events and rejected Cordero's claim that Officer Vaeoso used excessive force during his encounter with Cordero.

Cordero's Fourteenth Amendment Equal Protection claim alleged that Officer Vaeoso's alleged wrongful conduct in the arrest and transport of Cordero

was based on Cordero's race. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998) (order). Plaintiff must establish that the Defendant "acted in a discriminatory manner and that the discrimination was intentional." *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).

The district court submitted Cordero's equal protection claim to the jury. The jury instruction and verdict form asked, in part, whether Officer Vaeoso used excessive force against Cordero and, if so, whether Officer Vaeoso acted with an intent or purpose to discriminate against Cordero because of his membership in a protected class. The jury found no excessive force and therefore did not answer whether Officer Vaeoso acted with an intent to discriminate.

Cordero argues that the court erred in giving these instructions because his Fourteenth Amendment claim is not based on an allegation of *excessive* force alone but rather on an allegation of *improper* force. However, the existence of racial bias without an accompanying improper act based on such bias does not amount to a claim for equal protection. Cordero failed to present any comparative evidence to prove that individuals of other races received different, or gentler, treatment than

3

Cordero, or that Officer Vaeoso acted differently in the arrest and transport of Cordero than he normally would have, based on Cordero's race. Because Cordero failed to present any evidence that Vaeoso treated him improperly because of his race, any instructional error is harmless.

Finally, Cordero initially filed a pro se appeal and raised issues not subsequently briefed or argued by Cordero's court appointed counsel. We find Cordero's remaining pro se arguments are unavailing.

**AFFIRMED.**